IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

EDWARD SHAW,
Petitioner,

v.

Civil No. 3:25cv292 (DJN)

CHADWICK DOTSON,[1]
Respondent.

### MEMORANDUM OPINION

Edward Shaw, a Virginia prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 11), challenging his convictions in the Circuit Court for the City of Norfolk, Virginia ("Circuit Court"). Respondent has moved to dismiss, *inter alia*, on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (ECF No. 17.) Shaw has responded. (ECF Nos. 21, 22.) As explained below, the Motion to Dismiss (ECF No. 17) will be GRANTED, and the § 2254 Petition (ECF No. 11) will be DENIED as untimely.[2]

## I.    PROCEDURAL HISTORY

Shaw was initially charged with first-degree murder and for use of a firearm in the commission of felony. (ECF No. 19-6 at 1.) On October 22, 2019, Shaw entered into a guilty plea to the lesser charge of second-degree murder and use of a firearm in the commission of a

---

[1]    Counsel for Respondent asks the Court to update the docket to reflect that Chadwick Dotson is the appropriate Respondent. The Clerk shall update the docket as reflected above.

[2]    The Court corrects the capitalization, spelling and punctuation in the quotations from the parties' submissions. The Court employs the pagination assigned by the CM/ECF docketing system.

felony. (ECF No. 19-1 at 1; ECF No. 19-6.) On March 18, 2020, the Circuit Court entered its Sentencing Order reflecting that Shaw was sentenced to twenty-two years of incarceration. (ECF No. 19-1 at 2.) Shaw did not appeal.

On August 8, 2022, Shaw, by counsel, filed a petition for writ of habeas corpus in the Circuit Court arguing that his plea was not knowing and voluntary and that counsel was ineffective for failing to develop arguments from allegedly exculpatory evidence in the discovery materials. (ECF No. 19-2 at 10–11.) By Order and letter opinion entered on January 20, 2023, the Court dismissed the habeas petition as untimely and additionally determined that Shaw's plea was knowing and voluntary and found that counsel was neither deficient nor was Shaw prejudiced by counsel's actions. (ECF No. 19-3.) Shaw appealed to the Supreme Court of Virginia. (ECF No. 19-4 at 1.) On June 20, 2023, the Supreme Court of Virginia dismissed the petition, finding that Shaw "failed to timely file the notice of appeal in the circuit court and failed to timely file the petition for appeal in this Court" pursuant to Supreme Court Rules 5:9(a) and 5:17(a)(1). (ECF No. 19-5.)

On April 16, 2025, Shaw filed his § 2254 Petition.[3] Although Shaw filled out the sections on the form for Grounds One, Two and Three, he truly raises one claim of ineffective assistance of counsel. Shaw raises the following claim for relief:

_____

[3] Shaw initially filed a 42 U.S.C. § 1983 complaint challenging his convictions. (ECF No. 1.) The Court later determined that Shaw's complaint should be construed as a habeas petition and provided Shaw the opportunity to pursue his action as a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 9 at 2–3.) The Court mailed Shaw a § 1983 complaint form and a standardized form for filing a § 2254 petition and instructed him to choose one form and return it to the Court. (*Id.* at 3–4.) Shaw returned the § 2254 petition form and stated that the Court should "combine it with [his] previously submitted petition and motion." (ECF No. 11 at 18.) By Memorandum Order entered on August 12, 2025, the Court informed Shaw that it would not combine the complaint with the § 2254 petition form and provided him the opportunity to file another § 2254 petition form that contained all of the claims and facts he wished to present. (ECF No. 13 at 1.) The Court explained that it would not consider any other

2

Claim One:   "My [first] attorney was egregiously ineffective." (ECF No. 11 at 5.)  The attorney

(a) "withheld or ignored evidence that depicts my absolute innocence;"

(b) "pressured me to take a guilty plea;"

(c) "refused to file an appeal;"

(d) and his second attorney did not "receive[ a] copy of the evidence until the 1st week of July 2022."

(*Id.*)

## II.   ANALYSIS

### A.   Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended

28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ

of habeas corpus by a person in custody pursuant to the judgment of a state court.  Specifically,

28 U.S.C. § 2244(d) now reads:

1.    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

previously filed document.  (*Id.* at 2.)  In response, Shaw indicated that he believed that the Court should consider his old filings, and he did "not feel that [he] should submit another § 2254 petition." (ECF No. 14 at 1.)  By Memorandum Order entered on September 13, 2025, the Court denied the request to review old documents and explained the Court would only consider the § 2254 petition filed as ECF No. 11. (ECF No. 15 at 1–2.)  Although Shaw, through his own obstinance, caused the delay in filing a proper § 2254 petition, the Court nevertheless construes Shaw's § 2254 Petition to have been filed on the date of his original § 1983 complaint.  The Court construes the "filed" date as the date that Shaw indicated that he placed his petition in the prison mail system. (ECF No. 1 at 7); *see Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

**(C)**   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)**   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**2.**   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## B.   Commencement and Running of the Statute of Limitations

Shaw's conviction became final on Friday, April 17, 2020, when the time to note an appeal to the Court of Appeals of Virginia expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days of final judgment). Thus, Shaw had one year, or until Monday, Monday, April 19, 2021, to file a petition pursuant to 28 U.S.C. § 2254. Shaw failed to file his § 2254 Petition until April 16, 2025, nearly four years after the limitation period expired.

## C.   No Entitlement to Statutory Tolling

Shaw did not file his state habeas petition until April 8, 2022, which was nearly a year after the deadline expired to file his § 2254 petition. Clearly, Shaw lacks any entitlement to statutory tolling for his state habeas proceedings. *Deville v. Johnson*, No. 1:09CV72 (CMH/TRJ), 2010 WL 148148, at *2 (E.D. Va. Jan. 12, 2010) (holding that a state petition that is "filed after expiration of the limitations period cannot toll the period, because there is no

4

period remaining to be tolled" (citing *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000))).

Consequently, the one-year statute of limitations bars Shaw's § 2254 Petition unless he can

demonstrate entitlement to a belated commencement of the limitations period or that some

equitable exception allows him to avoid the statute of limitations.

### D.      Belated Commencement

Shaw seemingly suggests that he is entitled to a belated commencement of the limitations

period, because he lacked certain autopsy and forensic reports.  Under 28 U.S.C.

§ 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period

to "the date on which the factual predicate of the claim or claims presented could have been

discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D) (permitting

belated commencement to the date when petitioner, acting with reasonable diligence, could have

discovered that he retained a right to appeal).  Whether a petitioner has exercised due diligence is

a fact-specific inquiry unique to each case.  *See Wims v. United States*, 225 F.3d 186, 190–91 (2d

Cir. 2000).  A petitioner bears the burden to prove that he or she exercised due diligence.

*DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006).  Due diligence "at least require[s] that a

prisoner make reasonable efforts to discover the facts supporting his claims."  *Anjulo-Lopez v.

United States*, 541 F.3d 814, 818 (8th Cir. 2008) (emphasis added) (citing *Aron v. United States*,

291 F.3d 708, 712 (11th Cir. 2002)).  Nevertheless, "[t]ime begins when the prisoner knows (or

through diligence could discover) the important facts, not when the prisoner recognizes their

legal significance."  *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000), *as amended* (Jan. 22,

2001).

Shaw fails to demonstrate that he acted with due diligence in several regards.  Shaw

suggests that he did not receive certain autopsy and forensic reports that prove that he is

innocent.[4]  According to Shaw, his first trial attorney "sent [Shaw's] wife the evidence that shows [his] innocence" during his criminal proceedings, and his second trial attorney "withheld them until April 6, 2022." (ECF No. 11 at 5.)  Shaw indicates that his second attorney "received cop[ies] of the evidence 1st week of July 2022." (*Id.*)  However, the autopsy report and forensic report clearly existed at the time of his criminal proceedings in the Circuit Court prior to his guilty plea in 2020.  In fact, the documents were attached to the Stipulation of Fact for his guilty plea and were part of the public record.  (ECF No. 9-7.)  Thus, Shaw had a copy of these documents prior to the entry of his guilty plea, and he is not entitled to a belated commencement of the limitations on these grounds.

To the extent that Shaw argues that he did not know the contents of the autopsy and forensic reports, that is of no moment.  A habeas applicant who, like Shaw, "merely alleges that [he or she] did not actually know the facts underlying his or her claim does not" thereby demonstrate due diligence.  *In re Boshears*, 110 F.3d 1538, 1540 (11th Cir. 1997).  Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date on which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A).  *See id.* at 1540–41 (rejecting petitioner's assertion that he could not have discovered his new *Brady* claim prior to filing his first § 2254 petition).  The documents that allegedly show Shaw's innocence were attached to his

---

[4]  Shaw's argument is based on a Certificate of Analysis that states that: "Item 1- One (1) bullet from the street . . . No blood was observed . . . No hairs suitable for nuclear DNA analysis were recovered." (ECF No. 19-7 at 17.)  It further states that a swab of the same bullet showed that "Shaw cannot be eliminated as a contributor of the DNA profile." (*Id.*)  As explained below in footnote six, Shaw contends that the fact that his hair or blood was not on the bullet, but it only had his DNA on it, means that the bullet was from a gun he fired, not the gun that killed the victim.  Shaw's underlying argument is of no import, because the Certificate of Analysis is not new evidence.

guilty plea. The facts underlying his alleged innocence were available on the face of those documents, and Shaw could have discovered the facts before his conviction was final. At most, Shaw alleges that he failed to understand the legal significance of the facts for his claim until much later, which does not entitle Shaw to a belated commencement of the limitations period. *Owens*, 235 F.3d at 359.

### E.    Equitable Tolling

Petitions pursuant to 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate that he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998)).

Shaw contends that after his criminal proceedings, he hired two different attorneys for his habeas proceedings. (ECF No. 11 at 14.) After the Supreme Court of Virginia "dismissed [his] case he had no funds for another attorney [and] from then until June 2024, [he] wrote to 44 attorneys" to see if they would take his post-conviction case pro bono. (*Id.*) Shaw also began studying the law and it took him "18 months to understand enough to file [his] appeal." (*Id.*) Essentially Shaw argues that he is entitled to equitable tolling, because attorneys would not represent him, and he was forced to proceed *pro se*. Shaw's lack of counsel for his state or

7

federal habeas proceedings or his ignorance of the law are not circumstances so extraordinary as to warrant equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." (citation omitted)).

Shaw has also failed to demonstrate that he exercised diligence in seeking to file his § 2254 Petition in the many months after his convictions became final on April 17, 2020. *Yang*, 525 F.3d at 928 (quoting *Brown*, 512 F.3d at 1307); *see Roberts v. Watson*, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights" (citing *Pace*, 544 U.S. at 419; *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001))). While he wrote to attorneys to inquire about his legal options at some time after 2022, Shaw fails to identify any action that he took to advance his federal rights between April 17, 2020, and April 17, 2021. Besides writing to attorneys, Shaw appears to have done nothing during this time. Accordingly, Shaw fails to show that he is entitled to equitable tolling, and his § 2254 Petition is time-barred.[5]

**F.      Actual Innocence**

Shaw vaguely suggests that the Court should ignore the procedural barriers to his § 2254 Petition because he is innocent, and he seeks a "hearing and opportunity to prove [his] innocence." (ECF No. 21 at 4.) The Supreme Court has recognized actual innocence as a basis

---

[5]      The Court acknowledges that in some instances, counsel's failure to file an appeal could entitle a petitioner to a belated commencement of the limitation period. A petitioner who alleges that he did not know counsel failed to file an appeal may be entitled to a belated commencement of the limitation period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). However, Shaw does not make this argument, and the record reflects that Shaw was aware that counsel would not and did not file an appeal. Thus, Shaw was aware that no appeal had been filed during the thirty-day period in which to file an appeal and he is not entitled to a belated commencement under § 2244(d)(1)(D).

for overcoming the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (explaining that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations"). "Claims of actual innocence, whether presented as freestanding ones or merely as gateways to excuse a procedural default, should not be granted casually." *Wilson v. Greene*, 155 F.3d 396, 404 (4th Cir. 1998) (citations omitted). Here, the Court reviews Shaw's arguments under the more lenient standard for gateway actual innocence claims, because subscribing to Shaw's actual innocence claim would permit the Court to consider the merits of his otherwise time-barred habeas petition.

A gateway claim requires a petitioner to present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Id.* If a petitioner meets the burden of producing new, truly reliable evidence of his or her innocence, the Court then considers "'all the evidence,' old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under 'rules of admissibility that would govern at trial,'" and determines whether the petitioner has met the standard for a gateway claim of innocence. *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327–28). The Court must determine "whether 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Sharpe v. Bell*, 593 F.3d 372, 377 (4th Cir. 2010) (quoting *Schlup*, 513 U.S. at 327–28). "The Court need not proceed to this second step of the inquiry unless the petitioner first supports his or her claim with evidence of the requisite quality." *Hill v. Johnson*, No. 3:09cv659, 2010 WL 5476755, at

*5 (E.D. Va. Dec. 30, 2010) (citing *Weeks v. Bowersox*, 119 F.3d 1342, 1352–53 (8th Cir. 1997);

*Feaster v. Beshears*, 56 F. Supp. 2d 600, 610 (D. Md. 1999)). Moreover, actual innocence

means factual innocence and not just legal insufficiency. *Calderon v. Thompson*, 523 U.S. 538,

559 (1998) (citation omitted).

In his submissions, Shaw's assertion of actual innocence is not coupled with any new

evidence of his innocence. Once again, at most, Shaw contends that certain autopsy and forensic

reports prove that he is innocent, and that he did not see these documents until after the entry of

his guilty plea. However, that is belied by the record, because the autopsy and forensic reports

were attached to his guilty plea that he signed, and the information that he claims demonstrates

his innocence is contained on the face of the Certificate of Analysis. (ECF No. 19-7 at 17.)[6] The

---

[6]      Shaw's arguments in his § 2254 Petition are hard to discern. Therefore, the Court turns
to the Circuit Court's apt summary of Shaw's claim of innocence that was presented by counsel
in his state habeas petition:

> Petitioner argues there is exculpatory evidence which supports overturning
> his conviction. Petitioner points to physical evidence he was not aware of when he
> entered his guilty plea, such as a lack of blood or hair found on Item/Bullet #1
> ("Item #1"). Item 1 was a spent bullet found on the street at the scene of the
> incident. No observable blood or hairs suitable for DNA testing were found on
> Item 1. However, a swab of Item 1 revealed DNA that matched Petitioner's DNA.
>      Three other bullets were located on the scene. Item/Bullet #5 ("Item 5")
> and Item/Bullet #6 ("Item 6") were found on the driveway, and Item/Bullet #7
> ("Item 7") was taken from the victim's body. A Smith & Wesson special revolver
> was also collected from the scene. The forensic scientist determined that Item 1
> could not be eliminated as having been shot out of the revolver. She also
> determined that Items 5, 6, and 7 could not have been fired from that revolver.
>      Petitioner's argument is that Item 1 contains his DNA, but not his blood or
> hair, because Item 1 was a bullet Petitioner handled while loading his gun. Thus,
> since Petitioner used the gun that fired Item 1, he did not use the gun that fired
> Items 5, 6, and 7. Since Item 7 was removed from the victim's body, it is
> Petitioner's contention that he did not possess the firearm that was used to shoot
> and ultimately murder the victim. Alternatively, Petitioner argues that it is possible
> that the same gun was used to fire Items 1 and 7. Petitioner then posits that he was
> shot with Item 1 (that is why his DNA was found on Item 1) and argues he could

10

autopsy report and Certificate of Analyses are not new evidence and, in fact, supported his guilty plea. *See Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) (noting that to demonstrate actual innocence, a petitioner must produce new evidence that was not available at the time of trial).

In sum, Shaw has not met his burden of producing new, truly reliable evidence of his innocence. Thus, the Court need not proceed to the second part of the inquiry. Any purported actual innocence raised by Shaw fails to allow the Court to reach the merits of his time-barred § 2254 Petition.[7]

---

not have possessed the revolver used to murder the victim because Petitioner "could not have shot himself[.]" Pet. 10.

(ECF No. 19-3, at 1–2.) However, none of this argument is based on newly discovered evidence. Rather, it simply constitutes a new defense theory based on *old* evidence.

[7]    Respondent also correctly asserts that even if Shaw's § 2254 Petition was not barred by the statute of limitations, his claims are also procedurally defaulted and barred from review here. The procedural default doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1). The Circuit Court found Shaw's habeas petition that raised Claims One (a), (b), and (d) untimely under Va. Code § 8.01-654(A)(2). Virginia's statute of limitations for habeas actions is an adequate and independent procedural rule when so applied. *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). Additionally, the Supreme Court of Virginia dismissed the appeal for failure to perfect his appeal under Supreme Court of Virginia Rule 5:9 and 5:17(a)(1). These rules are independent and adequate procedural rules when so applied. *O'Dell v. Netherland*, 95 F.3d 1214, 1244 (4th Cir. 1996) (finding Rule 5:17(a)(1) independent and adequate); *Wise v. Williams*, 982 F.2d 142, 144 (4th Cir 1992) (finding same for Rule 5:9). Thus, Claims One (a), (b), and (d) are doubly defaulted. With respect to Claim One (c), Shaw never presented this claim to the state courts; therefore, it is both unexhausted and defaulted, because if he tried to bring it in state court now, it would be time-barred and any new habeas petition would be successive under Va. Code § 8.01-654(B)(2).

11

### III.     CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 17) will be GRANTED.  Shaw's § 2254 Petition (ECF No. 11) will be DENIED.  The action will be DISMISSED.  A certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

_____ /s/ _____
David J. Novak
United States District Judge

Richmond, Virginia
Date: May 13, 2026